JOSEPH H. DEXTER, Appellant, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Respondent.

Argued April 20, 1944; decided May 25, 1944.

*A. Mark Levien* for appellant. I. Plaintiff's position in defendant's employ was, at all times, that of "Instructor". If, as alleged in the first partial defense, the defendant designated plaintiff as "temporary Instructor" during the years 1929 to 1938, it is evident from the facts conceded by the pleadings, that the word "temporary" was not actually part of the title of plaintiff's position, but was merely descriptive of his tenure as an "Instructor". (*Matter of Rohr* v. *Kenngott,* 288 N. Y. 97; *Matter of Byrnes* v. *Windels,* 265 N. Y. 403; *Matter of Neary* v. *O'Connor,* 173 Misc. 696, 260 App. Div. 986; *Matter of Petrillo* v. *Lynn,* 243 App. Div. 796, 268 N. Y. 473; *People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489; *People ex rel. Corkhill* v. *McAdoo,* 98 App. Div. 312; *Healey* v. *Bazinet,* 291 N. Y. 430; *Matter of Ironside* v.

*Tead,* 13 N. Y. S. 2d 17, 258 App. Div. 940, 283 N. Y. 667; *Schnei-der* v. *City of New York,* 178 Misc. 238, 264 App. Div. 855, 289 N. Y. 785.) II. Under defendant's filed salary schedule for instructors, accrual of the scheduled annual increments was conditioned only on continued satisfactory service, and not on the grant of a permanent appointment or the acquisition of permanent tenure.

*Ignatius M. Wilkinson, Corporation Counsel (Joseph G. De Vito, James Hall Prothero* and *Nicholas Bucci* of counsel), for respondent. I. The fact that the position of temporary instructor was not included in its salary schedules did not preclude defendant from appointing plaintiff to such position. The board has specific statutory authority to make appointments to temporary or part-time positions. (*Story* v. *Craig,* 231 N. Y. 33; *Matter of Carr* v. *Kern,* 279 N. Y. 42; *Matter of McGowan* v. *Board of Education,* 273 N. Y. 68; *Matter of Wasmund* v. *La Guardia,* 287 N. Y. 417; *Koso* v. *Greene,* 260 N. Y. 491; *Matter of Hilsenrad* v. *Miller,* 284 N. Y. 445; *Matter of Kearns* v. *Bd. of Education,* 279 N. Y. 61; *Matter of Beggs* v. *Kern,* 284 N. Y. 504.) II. Until the defendant granted him regular appointment in 1938, plaintiff was a temporary instructor and as such was not entitled to increments in salary. (*Matter of Putnam* v. *Marshall,* 286 N. Y. 485; *Story* v. *Craig,* 231 N. Y. 33; *Matter of Phillips* v. *Kaplan,* 242 App. Div. 815, 266 N. Y. 514; *Matter of Pickett* v. *Board of Education,* 251 App. Div. 798; *Sheehan* v. *Board of Education,* 120 App. Div. 557 affd. 193 N. Y. 627.)

*Per Curiam.* It appears conclusively from the allegations of the complaint and of the answer that the plaintiff in 1929 was appointed to service in the scheduled position of Instructor for the academic year beginning September 1, 1929, and that his appointment to the same position was renewed from year to year thereafter until he was given permanent tenure. The provisions of section 889 of the Education Law that compensation and salaries " shall be not less than the salaries and salary increments fixed by the schedules and schedule conditions * * * on file in the office of the state commissioner of education on the fifth day of March, nineteen hundred thirty-one ", apply to persons holding such positions by successive appointments for single scholastic years without right of permanent

tenure, as well as to persons enjoying permanent tenure. That is true even though the appointment for each year be denominated an appointment as "temporary Instructor".

The order of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court. and in the Appellate Division.

The question certified should be answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; THACHER, J., taking no part.

Ordered accordingly.